**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
GREENBELT (SOUTHERN) DIVISION

| | |
|---|---|
| **MELISSA PERRY**, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 8:20-cv-454 |
| **NATIONAL ASSOCIATION OF**, **HOME BUILDERS OF THE UNITED STATES, d/b/a National Association of Home Builders,** | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant National Association of Home Builders of the United States ("NAHB"), by and through its undersigned counsel, hereby submits this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove this action from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland, Greenbelt (Southern) Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

1. Plaintiff Melissa Perry ("Perry" or "Plaintiff") filed a civil action in the Circuit Court for Prince George's County, Maryland on July 18, 2019 entitled <u>Melissa Perry v. National Association of Home Builders of the United States of America</u>, No. CAL19-21543 ("State Lawsuit").

2. Plaintiff obtained a writ of summons on July 23, 2019 but did not serve the summons and complaint on NAHB within the 60 days after it was issued.

3. Plaintiff obtained a second summons on October 3, 2019.

4. On October 16, 2019, a process server attempted service of the summons and complaint on James Rizzo of NAHB, but Rizzo refused to accept the documents. The process server did not leave a copy of the summons and complaint with NAHB. (See Declaration of James G. Rizzo ("Rizzo Decl."), attached hereto as Exhibit 1, at ¶ 5.)

5. No affidavit of service was filed, and Plaintiff made no further attempt at service.

6. On December 13, 2019, the state court issued a Notification to Parties of Contemplated Dismissal.

7. On January 2, 2020, Plaintiff filed a Motion to Accept Service or alternatively to Defer Dismissal based on the October 16, 2019 attempted service.

8. On January 24, 2020, the state court granted Plaintiff's Motion to Accept Service and gave Defendant until February 24, 2020 to respond to the Complaint.

9. The state court's January 24, 2020 order has not yet been served upon Defendant's counsel. However, Defendant's counsel learned of the order and obtained a copy of the summons and Complaint on February 13, 2020.

10. Copies of all process, pleadings, and orders served upon NAHB in the State Lawsuit are attached hereto as Exhibit 2.

11. This Notice of Removal is timely filed because it is filed within thirty days after the receipt by the Defendant of a copy of the initial pleading setting forth the claim for release upon which the action is based. See 28 U.S.C. § 1446(b)(1).

## **BASES FOR REMOVAL**

## **DIVERSITY JURISDICTION**

12. This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

13. Diversity of citizenship existed between the parties when the Complaint was filed on July 18, 2019 and exists as of the date this Notice of Removal is being filed.

14. Perry is a citizen of the State of Maryland. (See Compl. ¶ 6.)

15. NAHB is a Nevada nonprofit corporation that maintains its principal place of business in the District of Columbia. (See Rizzo Decl., at ¶ 4.) Accordingly, NAHB is a citizen of Nevada and the District of Columbia. See 28 U.S.C. § 1332(c)(1).

16. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### *Amount in Controversy*

17. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

18. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). The defendant "bears the burden of *demonstrating*" that

removal jurisdiction is proper only if the plaintiff challenges removal. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (emphasis in original).

19. Here, Perry claims money damages in the amount of $60,000.00 based on her claim for race discrimination. (See Compl. at *ad damnum* clause immediately following ¶ 21.) Perry additionally requests that the court award "costs and reasonable attorney's fees" on this claim. (Id.) Perry's claim of race discrimination is brought under the "Maryland Code," or the Maryland Fair Employment Practices Act ("MFEPA"). The MFEPA allows for recovery of attorneys' fees. See Md. State Gov't Code §§ 20-1015; 20-1202(d); see also COMAR 14.03.01.14(G). Perry's claim for attorneys' fees is therefore also part of the amount in controversy. See Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013); Momin v. Maggiemoo's Int'l, L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002) (citing Manguno v. Prudential Property & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

20. Perry also separately claims money damages in the amount of $10,000.00 based on her breach of contract claim, and also requests an award of "costs and reasonable attorney's fees." (See Compl. at *ad damnum* clause immediately following ¶ 25.)

21. Perry did not state in her complaint that her claim for damages, including attorneys' fees, is capped at any specific number. (See generally Compl.)

22. Because Perry includes specific claims for money damages as well as unspecified claims for attorney's fees, the Complaint makes a hybrid claim for specific and unspecified damages.

23. Where the plaintiff's complaint includes both specified and unspecified claims for damages, courts have applied a preponderance of the evidence standard in determining whether defendants have demonstrated that the amount in controversy exceeds $75,000.00. See Williams

v. Bank of New York Mellon, Civil No. CCB-13-680, 2013 WL 2422895, at *2 (D. Md. June 3, 2013) (applying preponderance of evidence standard and finding amount in controversy requirement met where claimed damages were $65,000 but potential attorneys' fee recovery reasonably could exceed $10,000).

24.     Thus, "[t]o resolve doubts regarding a defendant's asserted amount in controversy, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Scott, 865 F.3d at 194 (quoting Dart Cherokee, 574 U.S. at 89).

25.     Perry separately claims money damages of $60,000 for her discrimination claim and $10,000 for her contract claim, for a total of $70,000 in specified money damages. The jurisdictional threshold for removal therefore will be satisfied if Perry could recover more than $5,000.00 in attorney's fees. The attorney's fee calculation can include the amount already spent on the litigation and "a reasonable estimate of potential attorney's fees." See Williams, 2013 WL 2422895 at *3; see also Francis v. Allstate Ins. Co., 709 F.3d 362, 369 (4th Cir. 2013).

26.     NAHB is not aware how much Plaintiff has already spent on this litigation. However, the jurisdictional threshold is satisfied based a reasonable estimate of potential attorney's fees.

27.     In estimating potential attorney's fees, the "most useful starting point" is the "lodestar," or the number of hours reasonably expended, multiplied by a reasonable hourly rate. See Rossum v. Baltimore Cty., GJH-14-0115, 2017 WL 4270435, at *2 (D. Md. Sept. 26, 2017) (citing cases). Based on the estimated hourly rate for Plaintiff's counsel according to his level of experience and the number of hours other attorneys expend pursuing discrimination claims in this

5

district, it is reasonable to estimate that the potential attorney's fees in this matter will exceed $5,000.

28.     According to the Maryland attorney listing available at www.mdcourts.gov, Plaintiff's counsel is an active member of the Maryland bar who has been admitted to practice since December 18, 2008.[1]  It is therefore reasonable to estimate that Plaintiff's counsel would charge between $225-$350 per hour.  See Local Rules Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases at ¶ 3; Gonzalez v. Caron, Civil Action No. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011) ("While the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges.").

29.     Even assuming Plaintiff's counsel's hourly rate is $225, the low end of the applicable range given his years of experience, Plaintiff's counsel would need to expend only 25 hours of work for attorney's fees to amount to more than $5,000.  Experience, common sense, and the number of hours expended by other counsel in this district pursuing claims of discrimination suggest that should Plaintiff prevail in this matter, Plaintiff's counsel will expend more than 25 hours of time on written discovery, depositions, motions practice, attending hearings, ADR, preparing for trial, attending trial, and post-trial motion practice.  See Siantou v. CVS Rx Svcs., Inc., Civil Case No. 8:17-cv-543-PWG, 2020 WL 204957, at *3 (D. Md. Jan. 14, 2020)) (plaintiff's counsel claimed 530.8 hours of time expended in pursuing successful race discrimination and retaliation claim); Estate of Allen v. Baltimore Cty., Civil Action No. CCB-13-3075, 2019 WL 1410974, at *4 (D. Md. Mar. 28, 2019) (856.8 (plaintiff's counsel requested 856.8 hours in pursuing disability discriminatory discharge claim); Rossum v. Baltimore Cty., GJH-14-0115,

---

[1]     The Court may take judicial notice of this fact as it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201.

2017 WL 4270435, at *2 (plaintiff's counsel claimed 1,726.10 hours of attorney and paralegal time expended in pursuing a "complex" disability claim involving medical experts and a "convoluted administrative record"). While at this early juncture it is not reasonable to suggest that Plaintiff's counsel will expend more than 500 hours on this case, it is certainly reasonable to estimate that he will be required to expend more than 25 hours of time in order to prevail and that, when multiplied by an hourly rate of $225.00, Plaintiff's potential attorneys' fees would exceed $5,000.

30. Accordingly, the alleged amount in controversy exceeds the jurisdictional threshold because (1) Perry claims $70,000 in specified money damages and unspecified attorneys' fees, and (2) Perry reasonably could recover in excess of $5,000 in attorneys' fees. As such, the amount in controversy exceeds $75,000 and removal based on diversity jurisdiction is appropriate.

## PROCEDURAL PREREQUISITES

31. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the District of Maryland is the appropriate court to which to remove this action from the Circuit Court for Prince George's County, Maryland, where the action was filed.

32. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court for Prince George's County, Maryland. A true and correct copy of the Notice of Filing of Notice of Removal to be filed in the state court, without exhibits, is attached hereto as Exhibit 3.

33. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the District of Maryland, Southern Division because "it is the district and division embracing the place where such action is pending."

34. This Notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

35. In filing this Notice, NAHB does not waive any defenses.

WHEREFORE, Defendant National Association of Home Builders of the United States respectfully requests that this action be removed to this Court and that it be placed on the docket of this Court for all further proceedings.

DATED: February 21, 2020					Respectfully submitted,

							*/s/ Theresa M. Connolly*

							Theresa M. Connolly (Bar No. 23780)
							Fisher & Phillips LLP
							2011 Crystal Drive, Suite 400
							Arlington, Virginia 22202
							Tel. (703) 682-7095
							Fax (202) 403-3767
							tconnolly@fisherphillips.com

							Sarah K. Biran (Bar No. 29263)
							Fisher & Phillips LLP
							7501 Wisconsin Avenue, Suite 1220W
							Bethesda, MD 20814
							Tel. (301) 951-1554
							Fax (301) 880-5031
							sbiran@fisherphillips.com

							*Attorneys for Defendant*
							*National Association of Home Builders*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 21st day of February, 2020, she caused a true and correct copy of the foregoing Notice of Removal, together with all attachments, to be served on the following individuals by United States mail, postage prepaid:

> Kurt P. Roper, Esq.
> Staiti & DiBlasio, LLP
> 401 Headquarters Dr., Suite 202
> Millersville, MD 20018
> *Attorney for Plaintiff*

        */s/ Sarah K. Biran*
        _____
        Sarah K. Biran